PARIENTE, J.,
concurring in part and dissenting in part.
I concur in part and dissent in part because, although I would affirm the conviction, I do not find the Hurst error to be harmless beyond a reasonable doubt. Hurst v. State, 202 So.3d 40 (Fla. 2016). Therefore, I would reverse for a new penalty phase. Id. Even though the jury unanimously recommended death in Kaczmar’s case, the jury did not hear mitigation other than the defendant’s stipulated age of 24. Instead, the mitigation was presented to the trial judge outside the presence of the jury. In fact, the trial court acknowledged that the jury did not have the benefit of the mitigation evidence that was presented to the judge alone, which included transcripts of six mitigation witnesses who testified during Kaczmar’s first penalty phase proceeding.
In Kaczmar’s first penalty phase, which we reversed for other reasons, the jury heard testimony regarding four aggravating factors coupled with mitigating circumstances. Specifically, during Kaczmar’s first penalty phase, the jury was presented with the following mitigation:
The defense presented testimony from Kaczmar’s family and friends depicting Kaczmar as a good person and respected business partner who had a troubled upbringing due to his father’s abuse. Dr. Miguel, a child psychiatrist; testified on behalf of the defense that Kaczmar was traumatized as a child by his father’s alcoholism and his own chronic drug abuse. Dr. Miguel also testified that although he believed Kaczmar to be competent during trial, he did not think Kaczmar knew what he was doing on the night of the murder and did not know right from wrong. '
Kaczmar v. State, 104 So.3d 990, 997 (Fla. 2012). After considering all the evidence, the first jury did not unanimously recommend that death was the appropriate sentence. |d.
Our opinion in Hurst clearly changed the dynamics between the judge and jury in Florida capital sentencing. Pertinent to this case, this Court’s decision in Hurst changed the calculus for waiving the presentation of some or all of the mitigating evidence to a jury. Moreover, Kaczmar did not waive a penalty phase jury altogether, as some other defendants have who were not afforded Hurst relief. See Mullens v. State, 197 So.3d 16 (Fla. 2016) (finding that Hurst is not applicable to defendants who waived the right to a penalty phase jury), cert. denied, No. 16-6773, — U.S. —, 137 S.Ct. 672, 196 L.Ed.2d 557, 2017 WL 69535 (U.S. Jan. 9, 2017).
This case in particular is distinguishable from other cases where this Court found the Hurst error harmless beyond a reasonable doubt based on a unanimous recommendation of death from the jury because the jury heard only a small portion of the mitigating evidence. See Davis v. State, 207 So.3d 142 (Fla. Nov. 10, 2016). Under Hurst, this Court cannot substitute its judgment for that of the jury and, therefore, cannot determine what weight the additional mitigation would have been assigned if it had been presented to the penalty phase jury. Nor can we speculate on the effect that the'additional mitigation, if presented to the jury, would have had on the jury’s recommendation in Kaczmar’s penalty phase. We do 'know, however, that the jury for Kaczmar’s first penalty phase heard the exact same mitigating evidence that was presented only to the judge during Kaczmar’s second penalty phase and *17 did not unanimously recommend death. In Hurst, we emphasized the importance of unanimity in jury decisions, stating: “If death is to be imposed, unanimous jury sentencing recommendations, when made in conjunction with the other critical findings unanimously found by the jury, provide the highest degree of reliability in meeting these constitutional requirements in the capital sentencing process.” 202 So.3d at 60. Therefore, I would grant Kaczmar relief under Hurst in this case.
I also believe that it was error for the trial judge to give great weight to the jury recommendation, which was bereft of any meaningful presentation of mitigation. See Muhammad v. State, 782 So.2d 343, 361-62 (Fla. 2001). In my view, there is a critical distinction between this case and Boyd v. State, 910 So.2d 167 (Fla. 2005), and McCray v. State, 71 So.3d 848 (Fla. 2011), where we concluded that the trial court did not err in giving the jury’s recommendation great weight because the procedural safeguards of Muhammad were inapplicable because the defense at least presented some mitigation. Kaczmar’s stipulation of his age at the time of the crime is not equivalent to the limited mitigation presented by Boyd, 910 So.2d at 188-89, or McCray, 71 So.3d at 879-80. Neither in Boyd, 910 So.2d at 188, nor in McCray, 71 So.3d at 879-80, did the defendant completely waive the right to present mitigation as Kaczmar did. Accordingly, the procedural safeguards announced by this Court in Muhammad apply to this case and this case should also be remanded on that basis for a new penalty phase.
For all these reasons I would affirm the conviction but remand for a new penalty phase.
QUINCE, J., concurs.